T.C. Memo. 2006-12


UNITED STATES TAX COURT


TRIBUNE COMPANY, AS AGENT OF AND SUCCESSOR BY MERGER TO THE
FORMER THE TIMES MIRROR COMPANY, ITSELF AND ITS CONSOLIDATED
SUBSIDIARIES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17443-02.            Filed January 26, 2006.


<u>Joel V. Williamson</u>, <u>Roger J. Jones</u>, <u>Gary S. Colton, Jr.</u>,
<u>Jeffrey Allan Goldman</u>, <u>Matthew C. Houchens</u>, <u>Daniel A. Dumezich</u>,
<u>Patricia Anne Rexford</u>, <u>Andrew R. Roberson</u>, <u>Thomas Lee Kittle-
Kamp</u>, <u>Nathaniel Carden</u>, and <u>Monica Susana Melgarejo</u>, for
petitioner.

<u>Alan Summers</u>, <u>Cathy A. Goodson</u>, <u>William A. McCarthy</u>,
<u>Usha Ravi</u>, <u>Robert H. Schorman, Jr.</u>, and <u>Gretchen A. Kindel</u>, for
respondent.

SUPPLEMENTAL MEMORANDUM OPINION

COHEN, Judge:  The supplemental opinion resolves the issue left undecided by our opinion in Tribune Co. v. Commissioner, 125 T.C. 110 (2005) (the Bender opinion).  Pursuant to agreement of the parties, the issue involving the so-called "Mosby transaction" is submitted fully stipulated and decided on the basis of the Bender opinion.  The findings of fact set forth in the Bender opinion are incorporated herein by this reference as if fully set forth.  Only those facts unique to the Mosby transaction are included in this supplemental opinion.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

In 1998, in a transaction separate from but similar to the Bender transaction, Times Mirror Co., Inc. (Times Mirror), exchanged all of the outstanding stock of Mosby, Inc. (Mosby), in the "Mosby transaction".  Times Mirror used the "corporate joint venture" structure to effectuate both the Bender and Mosby transactions.  However, in contrast to the Bender transaction, before Times Mirror transferred Mosby stock, Mosby distributed certain assets to Times Mirror.

Times Mirror treated the exchanges of the Bender and Mosby stock as tax-free reorganizations within the meaning of section

368(a). Respondent determined in the statutory notice of deficiency that both the Bender and Mosby transactions were taxable. Petitioner asserts that the Bender and Mosby transactions qualify for tax-free treatment as reverse triangular mergers under section 368(a)(2)(E) or, alternatively, as "B" reorganizations under section 368(a)(1)(B). Substantially the same reasons support petitioner's position that the Bender and Mosby exchanges qualify as tax-free reorganizations.

Respondent's reasons for disallowing tax-free treatment of the Bender transaction are nearly identical to respondent's reasons for disallowing tax-free treatment of the Mosby transaction. As to the Mosby exchange only, respondent asserts an additional reason to disqualify that transaction as a reverse triangular merger. Respondent contends that Mosby's transfers of assets to Times Mirror prior to Times Mirror's transfers of Mosby stock present an alternative and independent ground for finding that the Mosby transaction did not meet the "substantially all" requirement of section 368(a)(2)(E).

In December 2004, the Bender transaction was tried. The parties agreed that, because of the similarities between the Bender and Mosby transactions and the issues for trial, a trial of the Bender transaction could obviate the need for or limit the scope of any trial of the Mosby transaction. The parties agreed that, if the Bender transaction fails to qualify as a tax-free

reorganization because it is neither a reverse triangular merger nor a "B" reorganization, the Mosby transaction also fails to qualify as a tax-free reorganization. On September 27, 2005, the Court issued the Bender opinion, in which it found that the Bender transaction does not qualify as a tax-free reorganization within the meaning of section 368(a), because it was neither a reverse triangular merger nor a "B" reorganization.

The parties agree that the Bender opinion governs the outcome of the Mosby issue at the trial level. They agree that any judicial determinations affecting the Bender opinion on appeal or remand will also apply to the Mosby transaction.

Times Mirror's adjusted basis in its Mosby stock as of October 9, 1998, was $166,307,272, which amount is greater than the amount determined in the statutory notice of deficiency, $161,290,641. Times Mirror realized $415,000,000 in 1998 on the exchange of its 100-percent common stock interest in Mosby, and the additional capital gain resulting from Times Mirror's disposition of the Mosby stock is $248,692,728.

## Discussion

The parties have stipulated that, in accordance with the Bender opinion and their stipulations and agreement, the Court should find that the Mosby transaction does not qualify as a tax-free reorganization within the meaning of section 368(a). This agreement avoids unnecessary time at trial and facilitates early

consideration of petitioner's appeal.  The parties have not asserted any additional arguments that need to be addressed.  In order to give effect to the determinations in the Bender opinion and the stipulation,

<u>Decision will be entered under Rule 155.</u>